THOMAS W. THRASH JR.
U. S. D. C. Atlanta

JUN 3 2009

JAMES N. HATTEN, Clerk
By Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| RAFAEL GOMEZ,<br>INMATE NO. 54868-019,<br>Movant, | : <br>: <br>: <br>: | CRIMINAL INDICTMENT NO.<br>1:03-CR-558-6-TWT |
| v. | : <br>: | |
| UNITED STATES OF AMERICA,<br>Respondent. | : <br>: <br>: | CIVIL FILE NO.<br>1:07-CV-017-TWT |

## ORDER AND OPINION

Movant seeks via 28 U.S.C. § 2255 to vacate the 120-month sentence he received for his July 8, 2005, conviction in this Court of conspiracy to possess with intent to distribute cocaine. The matter is before this Court on: the 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence [Doc. 587]; the Government's response [Doc. 599]; Movant's traverse [Doc. 604]; Movant's supplement to his 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence [Doc. 673]; and Movant's motion to supplement motion to correct, modify, set-aside sentence pursuant to 28 U.S.C. § 2255 [Doc. 678].

I. Background

On April 5, 2005, Movant pled guilty, pursuant to a negotiated plea agreement, to conspiracy to possess with intent to distribute cocaine. (Doc. 427).

AO 72A
(Rev 8/82)

As part of the plea agreement, Movant waived his right to appeal or collaterally attack his conviction and sentence. (Id., attached plea agreement at 3). On June 6, 2005, this Court conducted a hearing to consider, inter alia, whether Movant wished to withdraw his guilty plea. (Doc. 467). At the conclusion of the hearing, this Court concluded that Movant's guilty plea was knowingly and willfully entered, and therefore, he would not be permitted to withdraw his guilty plea. (Id.). On July 8, 2005, this Court ordered Movant to serve a 120-month sentence, and the Judgment and Conviction Order was entered on the same day. (Docs. 490-491).

On July 25, 2005, Movant filed a notice of appeal. (Doc. 496). However, Movant's counsel "filed a motion to withdraw on appeal supported by a brief prepared pursuant to Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L.E.2d 493 (1967)." United States v. Gomez, 211 Fed. App'x. 905, *1 (11th Cir. Dec. 21, 2006). (Doc. 581). The United States Court of Appeals for the Eleventh Circuit held: "Because independent examination of the entire record reveals no arguable issues of merit, counsel's motion to withdraw is **GRANTED** and Gomez's conviction and sentence are **AFFIRMED**." Id.

AO 72A
(Rev 8/82)

On February 26, 2007, Movant filed this 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. (Doc. 587). Movant raises the following four grounds for relief:

1. defense counsel was ineffective for failing to request a two level downward departure for minor participation in the conspiracy;

2. defense counsel was ineffective for failing to request a downward departure under the safety valve provisions of the United States Sentencing Guidelines;

3. Movant's guilty plea and waiver were not knowing and voluntary; and

4. defense counsel's misrepresentation of the likely outcome of the plea fell below the level of competency required of counsel.

(Id., attached brief at 2).

On April 24, 2007, the Government filed its answer-response. (Doc. 599). The Government maintains that (1) Movant's third ground for relief was resolved on appeal and, in the alternative, is without merit, (2) Movant's claims of ineffective assistance of counsel during sentencing are waived, and (3) no evidentiary hearing is required. (Id. at 5-12).

On May 3, 2007, Movant filed his traverse. (Doc. 604). Movant contends that during the plea colloquy this Court did not advise him that he was waiving his

right to collaterally attack his sentence, and therefore, his claims of ineffective assistance of counsel should be reviewed on the merits. (Id. at 2). Movant also seeks an evidentiary hearing to resolve his claims of ineffective assistance of counsel. (Id. at 12). Movant's supplement, filed on January 13, 2009, contains what he considers to be additional evidence of counsel's ineffectiveness during sentencing. (Doc. 673).

On May 15, 2009, Movant filed a motion to supplement motion to correct, modify, set-aside sentence pursuant to 28 U.S.C. § 2255. (Doc. 678). In this motion, Movant raises six additional grounds for relief. (Id., throughout). This motion also contains a motion for evidentiary hearing, a motion for appointment of counsel, and a motion for a certificate of appealability ("COA"). (Id. at 22-23).

I. Discussion

    A. <u>Movant knowingly and voluntarily pled guilty and waived his right to appeal and collaterally attack his sentence.</u>

Although raised as his third ground for relief, this Court should first address the questions related to whether Movant entered his guilty plea and waived his right to appeal or to collaterally attack his sentence knowingly and voluntarily.

4

As a starting point, Movant's plea agreement contained the following waiver provision:

> LIMITED WAIVER OF APPEAL: To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal his sentence and the right to collaterally attack his sentence in any post-conviction proceeding on any ground, except that the defendant may file a direct appeal of (1) an upward departure from the otherwise applicable sentencing guideline range; and/or (2) a custodial sentence of greater than 120 months; but in such an appeal, the defendant will not challenge any guideline computation jointly recommended by the Government and the defendant in this Plea Agreement and adopted by the Court at sentencing. The defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, the defendant may also file a direct appeal of sentence.

(Doc. 427 at 3). As is apparent, this waiver provision explicitly states that, with exceptions not relevant in this motion, Movant may not collaterally attack his sentence. On April 5, 2005, Movant signed the plea agreement. (Id. at 6). The signature page of the plea agreement states that Movant understood the terms and conditions of the plea agreement, including the waiver of his right to appeal or collaterally attack his sentence, and that he voluntarily agreed to them. (Id.). During the guilty plea hearing, Movant testified that he was able to read English and had completed three semesters at a university. (Doc. 547 at 3-4). Therefore, Movant should have understood the terms of the written plea agreement.

5

The Government contends that ground three was resolved on appeal. In support, the Government notes that Movant's counsel set forth in his Anders brief three potentially meritorious issues for review. Brief of Appellant at 10-11, 2005 WL 4883696,[1] United States v. Gomez, 211 Fed. App'x. 905 (11th Cir. Dec. 21, 2006). Relevant to this motion to vacate sentence, the first two issues raised were (1) the plea proceeding did not establish a knowing and intelligent waiver of constitutional rights and entry of plea, and (2) there was not a valid waiver of appellant's right to appeal. Id. at 10. "Once the appellate court receives this [Anders] brief, it must then itself conduct a full examination of all the proceedings to decide whether the case is wholly frivolous. Only after this separate inquiry, and only after the appellate court finds no nonfrivolous issue for appeal, may the court proceed to consider the appeal on the merits without the assistance of counsel." Penson v. Ohio, 488 U.S. 75, 80 (1988) (internal quotation omitted). The Eleventh Circuit Court of Appeals satisfied Penson by finding no arguable issues of merit and then affirming Movant's conviction and sentence.

It is well-established that a "district court is not required to reconsider claims . . . that were raised and disposed of on direct appeal." United States v.

---

[1] The provided Westlaw citation refers specifically to Appellant's Brief.

Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000); United States v. Escobar-Urrego, 110 F.3d 1556, 1560 (11th Cir. 1997) ("Under the law-of-the-case doctrine, an issue decided at one stage of a case is binding at later stages of the same case."); Kastenbaum v. United States, 588 F.2d 138, 139 (5th Cir. 1979) (a district "court need not . . . conduct a hearing and relitigate issues [in a motion to vacate sentence] that were raised by the petitioner in his direct appeal"); see also Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the Fifth Circuit issued prior to the close of business on September 30, 1981). As the Eleventh Circuit has decided these two raised errors aversely to Movant, this Court need not review them anew.

Even if the Eleventh Circuit's decision did not resolve the two issues raised by Movant's counsel, the record supports the conclusion that Movant knowingly and voluntarily pled guilty and waived his right to appeal his sentence. With regard to Movant's guilty plea, "[f]or a guilty plea to be entered knowingly and intelligently, the defendant must have not only the mental competence to understand and appreciate the nature and consequences of his plea but he also must be reasonably informed of the nature of the charges against him, the factual basis underlying those charges, and the legal options and alternatives that are

7

available." Finch v. Vaughn, 67 F.3d 909, 914 (11th Cir. 1995) (internal quotation omitted). "The plea colloquy, provided in Rule 11 of the Federal Rules of Criminal Procedure, constitutes the constitutional minimum requirements for a knowing and voluntary plea for federal courts. . . ." Stano v. Dugger, 921 F.2d 1125, 1141 (11th Cir. 1991).

During the Rule 11 colloquy, this Court informed Movant that he was subject to being charged with perjury if he did not testify truthfully, and Movant stated that he understood. (Doc. 547 at 4). This Court then informed Movant of the rights he was relinquishing by pleading guilty, and he testified that he understood. (Id. at 6-8). This Court then reviewed the terms of the plea agreement and the possible sentence Movant could receive. (Id. at 9-15). Movant acknowledged his understanding of those terms and his possible sentence. (Id. at 15). Movant also testified that, apart from the plea agreement, no promises or threats were made if he did not plead guilty, he was satisfied with his attorney's representation, and he had ample time to consider the matter with his attorney before entering his plea. (Id. at 11-12). This Court established the factual record to show that Movant was, in fact, guilty of the crime. (Id. at 18-20). Movant then acknowledged his guilt, and this Court accepted his guilty plea. (Id. at 20-21).

AO 72A
(Rev 8/82)

"There is a strong presumption that the statements made during the [guilty plea] colloquy are true." United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994); see also United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005) ("in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements"). Movant does not offer a reason to believe he perjured himself during his guilty plea hearing, and this Court reviewed those matters with him necessary for establishing that his guilty plea was knowingly and voluntarily entered. Movant's guilty plea was knowingly and voluntarily made.

Concerning the appeal wavier, a waiver of the right to appeal or collaterally attack a sentence is enforceable if "either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the Rule 11 colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." United States v. Bushert, 997 F.2d 1343, 1351 (11th Cir. 1993); United States v. Buchanan, 131 F.3d 1005, 1008 (11th Cir. 1997) (same). As previously noted, Movant signed the

plea agreement which states twice that he is waiving his right to appeal and collaterally attack his sentence. This Court also questioned Movant as to whether he understood he was waiving his right to appeal his conviction and sentence, and Movant stated that he was freely and voluntarily waiving that right. (Doc. 547 at 15-16). Therefore, Movant knowingly and voluntarily waived his right to appeal his sentence.

However, in his traverse, Movant argues that this Court did not ask him whether he understood he was waiving his right to collaterally attack his sentence. (Doc. 604 at 2). Consequently, according to Movant, he did not knowingly and voluntarily waive his right to collaterally challenge his sentence. (Id. at 6). Defense counsel did not raise this issue in his Anders brief. Movant is correct that during the guilty plea hearing this Court did not specifically ask him whether he understood that he was waiving his right to collaterally attack his sentence.

In a case factually similar to the situation at hand, the Eleventh Circuit Court of Appeals made the following review of the record and held:

> Here, at the plea colloquy, the [district] court specifically questioned Williams concerning the specifics of the sentence-appeal waiver and determined that he had entered into the written plea agreement, which included the appeal waiver, knowingly and voluntarily. The plain language of the agreement informed Williams that he was

waiving a collateral attack on his sentence. Under these circumstances, the sentence-appeal waiver precludes [] § 2255 claims based on ineffective assistance at sentencing. Accordingly, we affirm the district court's denial of collateral relief on this basis.

Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005) (internal citation omitted).

As in Williams, the plea agreement clearly stated that Movant was waiving his right to attack his sentence in a collateral proceeding, and he stated during the Rule 11 hearing that he understood he was waiving his right to appeal. Given Movant's sworn statements and his signature indicating that he understood the significance of the collateral attack waiver, this Court concludes that it is manifestly clear from the record that Movant understood he was waiving his right to collaterally attack his sentence. The collateral waiver provision of the plea agreement is valid.

B. Movant has waived his right to allege ineffective assistance of counsel during sentencing.

Movant's plea agreement stated that he was subject to a mandatory minimum sentence of ten (10) years. (Doc. 427, plea agreement at 2). Movant also stated during the guilty plea hearing that he was waiving the right to appeal

his sentence "unless there is an upward departure from the guidelines or a sentence of more than 120 months." (Doc. 547, transcript of guilty plea hearing at 1516). As previously indicated, Movant received the mandatory minimum sentence of 120 months. Despite receiving the minimum sentence and testifying that he understood he was waiving his right to challenge his sentence, in grounds one, two and four, Movant alleges that counsel was ineffective in his representation during sentencing.

As indicated above, "a sentence-appeal waiver includes the waiver of the right to challenge the sentence collaterally in the context of a § 2255 petition asserting ineffective assistance of counsel." Williams, 396 F.3d at 1342. Thus, grounds one, two and four are waived and do not provide a basis for granting Movant's motion to vacate sentence.

C.  The motion to supplement the 28 U.S.C. § 2255 motion to vacate sentence should be denied as time-barred.

Movant's motion to supplement contains the following six grounds for relief:

1.  the Government waived the appeal waiver by failing to file an objection or motion when Movant appealed his conviction and sentence;

12

2. the plain language of the appeal waiver only bars appeal of the sentence and not the conviction;

3. a comparison of Movant's conviction in this Court and a similar case in the District of Columbia shows that the Government relied on inconsistent theories in pursuit of multiple prosecutions with regard to prosecuting Movant and dismissing the case against his wife;

4. appellate counsel provided ineffective assistance on appeal;

5. defense counsel mislead Movant into believing he would receive a lower sentence under the safety valve statute in order to induce him to plead guilty; and

6. the lower sentence co-defendant Alfredo Rivera received indicates that Movant should receive a lower sentence.

(Doc. 678 at 1-22).

Ground five of the supplement is a restatement of grounds two and four of the original motion to vacate sentence and, therefore, has already been addressed. The remaining grounds contained in the supplement do not relate to any of the original grounds for relief. See Dean v. United States, 278 F.3d 1218, 1222 (11th Cir. 2002) ("for an untimely § 2255 claim to 'relate back' . . ., the untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings"). This Court should, therefore, determine whether Movant's new grounds for relief are time-barred.

See Day v. McDonough, 547 U.S. 198, 209 (2006) ("we hold that district courts are permitted . . . to consider, *sua sponte*, the timeliness of a . . . habeas petition").

Relevant to this motion, 28 U.S.C. § 2255(f) provides: "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of – (1) the date on which judgment of conviction becomes final. . . ." Movant's conviction and sentence were affirmed on December 21, 2006. Gomez, 211 Fed. App'x. at 905. (Doc. 581). Movant did not seek a writ of certiorari in the Supreme Court. Consequently, Movant's conviction became final on or about March 26, 2007, when his opportunity to seek certiorari expired. See Supreme Court Rule 13; Clay v. United States, 537 U.S. 522, 525 (2003) ("For the purpose of starting the clock on § 2255's one-year limitation period, we hold, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."). Movant then had until March 26, 2008, to file a timely § 2255 motion to vacate sentence.

Movant's new and unrelated grounds for relief were submitted well over one year after the limitation period expired. Therefore, those grounds for relief are not properly before this Court, and Movant's motion to supplement should be

14

denied. See Mayle v. Felix, 545 U.S. 644, 662 (2005) ("A prisoner should not be able to assert a claim otherwise barred by the statute of limitations merely because he asserted a separate claim within the limitations period." (quoting United States v. Duffus, 174 F.3d 333, 338 (3d Cir. 1999)).

D. Movant's remaining motions contained in his motion to supplement should be denied.

Within his motion to supplement, Movant has also filed a motion for evidentiary hearing, a motion for appointment of counsel, and a motion for a COA. (Doc. 678 at 22-23). Because all issues raised in this motion to vacate sentence have been resolved by reference to the record, no evidentiary hearing is warranted. Therefore, Movant's motion for evidentiary hearing should be denied. Movant's motion for appointment of counsel requests that counsel be appointed if an evidentiary hearing is held. As there will be no evidentiary hearing, this motion should also be denied.

Movant's motion for a COA has been filed prematurely. Rule 4(a)(1) of the Rules of Appellate Procedure states that "a notice of appeal . . . must be filed with the district clerk within 30 days *after* the entry of judgment or order appealed from is entered." (emphasis added); see also Rule 22(b) of the Rules of Appellate

Procedure (discussing the relationship between a notice of appeal and a COA). Because Movant sought a COA prior to this Court entering a final order denying his motion to vacate sentence, his motion for a COA should be denied without prejudice.

III. Conclusion

**IT IS ORDERED** that Movant's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence [Doc. 587]; motion to supplement motion to correct, modify, set-aside sentence pursuant to 28 U.S.C. § 2255 [Doc. 678]; motion for evidentiary hearing [Doc. 678]; and motion for appointment of counsel [Doc. 678] are **DENIED**. Movant's motion for certificate of appealability [Doc. 678] is **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED**, this 3 day of June, 2009.

THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

16